CAVANAGH, J.
(dissenting). I disagree with the majority’s position that the crime of larceny from the person is a specified felony pursuant to MCL 750.224f(6). Because I believe that larceny from the person is not a specified felony under MCL 750.224f(6), I do not reach the issue whether the lack of restoration of firearm rights is an element of MCL 750.224f(2). Accordingly, I respectfully dissent.
The Legislature has defined a “specified felony” as including a felony in which the following circumstance exists:
*665 An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. [MCL 750.224f(6)(i).][1]
Larceny from the person is defined as follows: “Any person who shall commit the offense of larceny by stealing from the person of another shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years.” MCL 750.357. Larceny from the person differs from robbery because larceny from the person is committed without the use of force or the threat of force. “[R]obbery is a larceny aggravated by the fact that the taking is from the person, or in his presence, accomplished with force or the threat of force. ” People v Randolph, 466 Mich 532, 544; 648 NW2d 164 (2002). By its very nature, larceny from the person involves the absence of force or threat of force.
While I agree with the majority that there is a risk of force or threat of force when larceny from the person is committed, this is essentially the case with every felony. Indeed, one can conceive of a risk of force in almost every situation in which a felony is committed. However, I do not believe that the mere potential for force or threat of force, or the mere potential that a perpetrator may become confrontational if detected, means larceny from the person presents a “substantial risk” of force or threat of force. A perpetrator could just as likely choose to avoid confrontation if it becomes apparent that force or the threat of force must be used to complete the *666 intended act. Therefore, because there is not a “substantial risk” of force or threat of force when larceny from the person is committed, I respectfully dissent.

 Other subsections of the statute specifying additional circumstances that also define a specified felony are not applicable in this case.